UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRANDON BIERBRAUER, | Case No. 24-cv-3812 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| DENNIS ZAHN, | |
| Defendant. | |

Brandon Bierbrauer, *pro se*.

Kevin Jonassen, **Minnesota Attorney General's Office, St. Paul, MN**, for Defendant.

On April 2, 2025, Defendant Dennis Zahn ("Zahn") requested a retroactive extension of the deadline to file an answer to Plaintiff Brandon Bierbrauer's ("Bierbrauer") complaint. ECF No. 36. The same day, United States Magistrate Judge Dulce J. Foster entered an order (the "April 2 Order") granting Zahn's request pursuant to Federal Rule of Civil Procedure 6(b). ECF No. 44. Bierbrauer objects to Magistrate Judge Foster's ruling. ECF No. 45. Because the ruling is neither clearly erroneous nor contrary to law, the Court overrules Bierbrauer's objections and affirms the April 2 Order.

## BACKGROUND

Bierbrauer, who is currently incarcerated at Minnesota Correctional Facility-Stillwater ("MCF-Stillwater"), brought this lawsuit on October 3, 2024. *See* ECF No. 1. Bierbrauer alleges a canine unit handled by Zahn, a Canine Correctional Officer ("CCO") at MCF-Stillwater, attacked him on May 3, 2024, leaving Bierbrauer with permanent scars

and nerve damage and causing him to experience ongoing mental distress. *See* ECF No. 1-1 at 1. Bierbrauer asserts the attack constitutes a violation of his civil rights under 42 U.S.C. § 1983. *See* ECF No. 1 at 1–2. Rather than pay the fee associated with filing suit, Bierbrauer filed an application to proceed *in forma pauperis*, which meant his complaint was subject to pre-service judicial review pursuant to 28 U.S.C. § 1915A. *See* ECF No. 8; 28 U.S.C. § 1915A(a). Upon completion of that review, Magistrate Judge Foster issued a report and recommendation directing that service of process be effected upon Zahn,[1] ECF No. 12 at 4, which the undersigned later adopted, ECF No. 20.

On January 8, 2025, a notice of this lawsuit and request to waive service of a summons was served on Zahn. ECF No. 16; *see* ECF No. 23. The accompanying waiver form indicated that if Zahn executed and returned the waiver of service within thirty days—that is, by February 7, 2025—he would be required to file and serve an answer or a motion under Federal Rule of Civil Procedure 12 within sixty days of service of the notice and request for waiver—that is, by March 10, 2025.[2] ECF No. 16 at 2. Zahn did not sign or return the waiver of service within the thirty-day deadline, so the United States Marshals Service, at the Court's direction, personally served a summons on Zahn on February 20, 2025. *See* ECF No. 23; ECF No. 25 at 4. Zahn stated that when he was personally served,

---

[1] Bierbrauer initially named the Minnesota Department of Corrections, Zahn's canine partner, and several other MCF-Stillwater officials as defendants in this case. *See* ECF No. 1 at 1. Magistrate Judge Foster recommended dismissal of those defendants either because they were not subject to suit under 42 U.S.C. § 1983 or because Zahn had not pleaded a plausible claim for relief with respect to those defendants. *See* ECF No. 12 at 2–3.

[2] Sixty days after January 8, 2025, was Sunday, March 9, 2025, so the deadline tolled to Monday, March 10, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C).

the Associate Warden of Operations at MCF-Stillwater directed him to sign the waiver of service. ECF No. 39 ¶ 3. The next day, Bierbrauer filed executed copies of both the summons that was personally served on Zahn on February 20, 2025, and the waiver of service that was originally served on Zahn on January 8, 2025. *See* ECF No. 25 at 3–4; ECF No. 26.

The Court acknowledged receipt of the executed waiver of service and directed Zahn to answer or file a Rule 12 motion by March 10, 2025.[3] ECF No. 27. Zahn did not do either by that date, ECF No. 33, and Bierbrauer filed a motion for default judgment on March 13, 2025, ECF No. 32. On March 14, 2025, the Court sua sponte extended the time for Zahn to respond and directed him either to file a motion for an extension of time to answer or to otherwise respond to the complaint by March 28, 2025. ECF No. 33. Zahn again did not do either.

On April 2, 2025, Zahn—through counsel—filed a belated motion for an extension of the deadline to answer or otherwise respond to Bierbrauer's complaint. ECF No. 36. Zahn asserted that he has never been sued by an incarcerated person in his nearly twenty-five years of employment with the Minnesota Department of Corrections ("DOC") and, as a result, he was unfamiliar with the process of notifying the DOC's Office of Legal Affairs

---

[3]   On February 27, 2025, Bierbrauer filed an application for entry of default, ECF No. 28, and a motion for default judgment, ECF No. 29. No default was entered by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a), and Magistrate Judge Foster denied Bierbrauer's motion for default judgment because Zahn's deadline to answer was not until March 10, 2025, *see* ECF No. 31, so he had not yet "fail[ed] to timely file a responsive pleading," *Campbell v. Mold Inspection & Testing*, No. 21-cv-1942 (ECT/ECW), 2022 WL 1094086, at *6 (D. Minn. Apr. 12, 2022).

3

about Bierbrauer's complaint and obtaining legal assistance. ECF No. 37 at 1–2. Zahn explained that his duties as a CCO "do not require him to do much paperwork" and that he "does not receive mail often, so he does not check mail often." *Id.* at 2. Zahn stated that the Court's March 14 order was delivered to a shared mail inbox for the canine unit at MCF-Stillwater and that he did not receive it until April 1, 2025, and that, upon receipt, he immediately notified the DOC's Office of Legal Affairs and obtained legal counsel.[4] *Id.* at 2–3; *see also* ECF No. 35. Zahn argued that these circumstances, taken together, constituted excusable neglect warranting an extension of his answer deadline under Federal Rule of Civil Procedure 6(b). ECF No. 37 at 3–4.

The same day—April 2, 2025—Magistrate Judge Foster entered the April 2 Order granting Zahn's motion "based on the interests of deciding matters based on the merits, and because excusable neglect warrants a time extension." ECF No. 44. Magistrate Judge Foster set Zahn's deadline to answer or otherwise respond to Bierbrauer's complaint for April 22, 2025. *Id.* Bierbrauer timely objected to the April 2 Order. ECF No. 45; *see* Fed. R. Civ. P. 72(a).

## ANALYSIS

### I. Standard of Review

A district court's review of a magistrate judge's ruling on a nondispositive matter is "extremely deferential." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017)

---

[4] Zahn offered no explanation for why he did not answer or otherwise respond to Bierbrauer's complaint by March 10, 2025, the deadline indicated in the waiver of service that Zahn executed on February 20, 2025. *See* ECF No. 26.

(citation omitted). When a party timely objects to a magistrate judge's order, the district judge must consider those objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3)(A); *see* 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Edeh v. Equifax Info. Servs., LLC*, 295 F.R.D. 219, 223 (D. Minn. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A decision is contrary to law when a court fails to apply or misapplies relevant statutes, case law or rules of procedure." *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019) (citation omitted).

## II.     Bierbrauer's Objections

Bierbrauer objects to Magistrate Judge Foster's April 2 Order and argues that Zahn should not have been granted an extension to answer or otherwise respond to the complaint. *See* ECF No. 45 at 1. Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993)). The determination as to what constitutes excusable neglect "is at bottom an equitable one,

taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.  In the context of a motion to extend a missed deadline to submit a filing, courts consider: (1) the possibility of prejudice to the nonmovant if the requested extension is granted; (2) the length of the movant's delay and its potential impact on judicial proceedings; (3) the movant's reasons for delay, including whether the delay was within the movant's reasonable control; and (4) whether the movant acted in good faith.  *Chorosevic*, 600 F.3d at 946.  Whether to grant such an extension is ultimately within a district court's discretion.  *See id.*

Bierbrauer argues, in effect, that Zahn's neglect was not excusable because it is Zahn's responsibility to check his mail, which Zahn admittedly did not do consistently.  ECF No. 45 at 1.  Bierbrauer further asserts that Zahn should have known that he needed to seek legal assistance when he was served the summons, regardless of the fact that Zahn has not been sued in his twenty-five years of employment with the DOC.  *See id.*  Bierbrauer requests that the Court sustain his objections, vacate the April 2 Order, and take his March 13 motion for default judgment under consideration.  *See id.*

Bierbrauer raises fair points.  It is not Bierbrauer's fault, as he says, that Zahn neglected to check his mail at MCF-Stillwater.  *See id.*  And Bierbrauer is correct that Zahn should have known to seek legal assistance upon being served with the summons.  The fact that Zahn had not been sued by an incarcerated person in nearly twenty-five years of employment with the DOC is commendable, but he *is* being sued *now*, and he has been aware of that fact since at least February 20, 2025, the date he executed the waiver of service.  *See* ECF No. 26.  The Court finds it difficult to conceive that upon being served

the summons, Zahn did not believe it necessary or useful to seek legal assistance, inquire about what steps he should take with the Associate Warden of Operations—who Zahn says instructed him to sign the waiver of service—or otherwise notify anyone at MCF-Stillwater, the DOC, or the Minnesota Attorney General's Office that he was being sued by an MCF-Stillwater inmate.  *See* ECF No. 37 at 2–3; ECF No. 39 ¶¶ 3–4.

Nevertheless, the Court finds that the April 2 Order is neither clearly erroneous nor contrary to law.  While the circumstances causing the delay here were all squarely within Zahn's control, this case is in its early stages, which minimizes any impact on these judicial proceedings.  And while Zahn may have been somewhat cavalier upon being personally served the summons given the seriousness of the situation, the Court does not detect bad faith.  Furthermore, had Magistrate Judge Foster denied Zahn's motion, the potential penalty imposed on Zahn—default judgment—is "unmatched by any prejudice" to Bierbrauer.  *Chorosevic*, 600 F.3d at 947.  "Such a result would have contravened 'the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process.'"  *Id.* (cleaned up) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993)).  The Court also observes that Zahn filed an answer to Bierbrauer's complaint on April 22, 2025, ECF No. 46—the deadline Magistrate Judge Foster set in the April 2 Order, ECF No. 44.

In light of these considerations, the Court finds that Magistrate Judge Foster was well within her discretion to grant Zahn's requested extension and did not err in doing so.  The Court therefore will not disturb her ruling, especially given the "extremely deferential"

7

standard of review at play here. *Coons*, 268 F. Supp. 3d at 991. Accordingly, Bierbrauer's objections to the April 2 Order are overruled.

Relatedly, in light of the lack of an entry of default against Zahn and the answer filed by Zahn, ECF No. 46—which is timely pursuant to the April 2 Order—entry of default judgment against him would be improper. Even though Bierbrauer applied for entry of default (ECF No. 28), no default was ever entered, so Bierbrauer's motion for default judgment is procedurally improper. *See United States v. Yennie*, 585 F. Supp. 3d 1194, 1198 (D. Minn. 2022) (explaining that a party seeking default judgment first "must obtain an entry of default from the Clerk of Court"); *see also* Fed. R. Civ. P. 55(a). And "the Court cannot ignore the fact that an Answer has now been filed and [Zahn] is prepared to defend the lawsuit on the merits." *Johnson v. Allied Interstate Inc.*, No. 02-cv-910 (RHK/AJB), 2002 WL 1906024, at *2 (D. Minn. Aug. 19, 2002); *see* ECF No. 39 ¶ 6. Moreover, Bierbrauer cites only Zahn's delay in timely answering the complaint as the prejudice Bierbrauer has suffered warranting default. *See* ECF No. 32. "[P]rejudice may not be found from delay alone," however, and must be "more concrete [], such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (internal quotation marks omitted) (citation omitted). No such basis exists here.

Accordingly, Bierbrauer's motion for default judgment, ECF No. 32, is denied. *See Harris v. St. Louis Police Dep't*, 164 F.3d 1085, 1086 (8th Cir. 1998) (affirming denial of motion for default judgment where the defendant "filed an answer to [the] complaint after

8

obtaining leave of court to file the answer out of time"). An answer is in, and the case should proceed apace.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Bierbrauer's objections to the April 2 Order (ECF No. 45) are **OVERRULED**;

2. The April 2 Order (ECF No. 33) is **AFFIRMED**; and

3. Bierbrauer's Motion for Default Judgment (ECF No. 32) is **DENIED**.

Dated: May 6, 2025                    *s/Laura M. Provinzino*
                                      Laura M. Provinzino
                                      United States District Judge