# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Bierbrauer, | Case No. 24-cv-3812 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Dennis Zahn, | |
| Defendant. | |

Plaintiff Brandon Bierbrauer is an inmate at the Minnesota Correctional Facility-Stillwater. (*See* ECF No. 22 at 2.) He filed a complaint in this matter on October 3, 2024 ("Complaint") (ECF Nos. 1, 1-1.) In relevant part, Mr. Bierbrauer's Complaint alleges that Defendant Dennis Zahn, a Minnesota Department of Corrections employee, violated Mr. Bierbrauer constitutional rights when Mr. Zahn's canine partner "wrongfully attacked" him and Mr. Zahn threatened him in May 2024. (ECF No. 1-1.) On January 31, 2025, Mr. Bierbrauer filed a self-styled motion for a temporary restraining order against Mr. Zahn ("Motion") (ECF No. 22). Mr. Bierbrauer asks that a "restraining order be put on Mr. Zahn" because he fears Mr. Zahn or his canine partner will harm him. (*Id.* at 1.) The Court denies Mr. Bierbrauer's Motion because the Court finds Mr. Bierbrauer fails to demonstrate he is entitled to the relief he seeks.

"A temporary restraining order is an extraordinary remedy." *Verscene Inc. and Seeyond Inc. v. HNI Corp. and Allsteel Inc.*, Civ. No. 12-1088 (JNE/SER), 2012 WL 1971141, *1 (D. Minn. June 1, 2012) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). To determine whether a temporary restraining order is appropriate, the Court considers whether a movant demonstrates: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

1

(3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  Failure to show irreparable harm alone is an independent basis to deny injunctive relief.  *Grasso Enterprises, LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016).  Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Mr. Bierbrauer's conclusory statement that he fears Mr. Zahn or his canine partner will harm him because the canine allegedly attacked him once previously over a year ago does not establish any plausible threat of irreparable harm.  Mr. Bierbrauer does not allege any ongoing constitutional violation or conduct, and any concern over additional harm is speculative at best.  Absent any plausible basis to find Mr. Bierbrauer is at risk of irreparable harm from Mr. Zahn or his canine partner, the Court cannot conclude that the extraordinary relief Mr. Bierbrauer seeks is appropriate.  *Grasso Enterprises*, 809 F.3d at 1040.  Moreover, his request for a temporary restraining order implicates prison administration, thus requiring judicial restraint.  *Goff*, 60 F.3d at 520.  For these reasons, the Court denies Mr. Bierbrauer's Motion.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Brandon Bierbrauer's self-styled motion for a temporary restraining order (ECF No. 22) is **DENIED.**

Dated: July 8, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge